AO 91 (Rev. 11/11) Criminal Complaint

SEALED

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>James Russell Smith<br>a/k/a JR Smith<br><br>*Defendant(s)* | Case No.<br><br>**3-19MJ660-BH** |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 26 2019
CLERK, U.S. DISTRICT COURT
By_____ Deputy

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **between 7/19/19 and 7/24/19** in the county of **Hunt** in the **Northern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371 and 1071 | Conspiracy to conceal a person from arrest |

This criminal complaint is based on these facts:

See attached Affidavit of Deputy United States Marshal Keith Sieks which is incorporated and made a part hereof by rerference.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Keith Sieks, Deputy U.S. Marshal
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/26/2019

_____
*Judge's signature*

City and state: Dallas, Texas

Irma C. Ramirez, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR COMPLAINT

I, Keith Sieks, being first duly sworn, hereby depose and state as follows:

1. This affidavit sets forth facts and suggests reasonable inferences from those facts establishing that there is probable cause to believe that between at least on or about July 19, 2019, and July 24, 2019, **James Russell "J.R." Smith** knowingly and intentionally combined, conspired, confederated and agreed with other persons, known and unknown to the United States, to commit an offense against the United States, that is, conceal a person from arrest (commonly referred to as harboring a fugitive), in violation of 18 U.S.C. §§ 371 and 1071.[1]

2. The information contained in this affidavit is based on my personal knowledge and experience, my personal participation in this investigation, and information obtained from other law enforcement officers and/or agents involved in this investigation. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe

---

[1] Section 1071 provides the following:
> Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined under this title or imprisoned not more than one year, or both; except that if the warrant or process issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine under this title, or imprisonment for not more than five years, or both.

that a violation of 18 U.S.C. §§ 371 and 1071 has been committed by **James Russell "J.R." Smith** ("SMITH").

3. I am a Deputy United States Marshal with the United States Marshals Service and, as such, am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. I have been a member of the United States Marshals Service since November 2000, and have investigated multiple fugitive cases relating to violent crimes. As a part of my duties, I have arrested subjects wanted for felony assault, assault with intent to kill, and armed robbery. I have also interviewed numerous arrestees and subjects regarding violent crimes.

## Probable Cause

4. The United States, including the USMS and the Federal Bureau of Investigation ("FBI"), is conducting a criminal investigation of Kevin Lyndel MASSEY ("MASSEY") for violations of 18 U.S.C. §§ 922(g) and 3583, and SMITH and others for violations of 18 U.S.C. § 1071. On or about May 1, 2019, an affidavit for violation of supervised release was filed in United States District Court for the Northern District of Texas ("NDTX") accusing MASSEY of violating his supervised release in NDTX case number 3:19cr170-B, and a warrant was issued for his arrest.[2] During the effort to locate

---

[2] MASSEY was originally indicted in the Southern District of Texas (Brownsville Division) in case number 1:14cr876 for multiple counts of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g). (3:19cr170-B, Dkt. 2). MASSEY was found guilty following a bench trial and thereafter sentenced to forty-one months in prison followed by three years of supervised release. (3:19cr170-B, Dkt. 2). MASSEY's supervised release began on or about June 29, 2018, and on or about April 5, 2019, his supervision was transferred to the NDTX. (3:19cr170-B, Dkt. 1).

2

MASSEY, United States Marshal investigators spoke with United States Probation Officer Vaughan, who supervised MASSEY in the NDTX. During USMS investigator conversations with Probation Officer Vaughan, he explained that MASSEY had violated his supervised release in the following ways: two violations for testing positive for illegal drug use on random urinalysis testing and two violations for failure to report to the probation officer. Further, Officer Vaughan explained that he had taken the following steps to try to contact MASSEY: numerous telephone calls made to MASSEY; voice messages left on his cellular telephone; and mail correspondence sent to MASSEY's home in Lone Oak, Texas. According to United States Probation Officer Vaughn, as of the filing of this affidavit, MASSEY has essentially absconded from supervision. Since that time, I have taken multiple investigative steps to attempt to locate and apprehend MASSEY; however, thus far those investigative steps have been fruitless, in part as a result of the conduct of SMITH and others to aid, assist, and facilitate MASSEY's flight from law enforcement.

5. Following the USMS's assignment to MASSEY's case, investigators learned MASSEY had Facebook accounts and that he was actively posting information on the accounts that leads me and other law enforcement officers to believe MASSEY was aware of the fact that he was wanted for violating his supervised release and that he may be taking steps to avoid apprehension. The following is a summary of some of the posts on MASSEY's Facebook pages:

- We are coming together. Change in tactics are necessary. When people fear the government, that is tyranny, when governments fear the people, that is freedom. I am meeting with leaders all across America who I KNOW, from there it will be disseminated.

3

- I am with solid patriots. My security team is as real as it gets. Until its time, I will be low profile. When the traps are set, I'll be the bait that bites back.

- The feds forced me to me to take this battle, it wasn't by choice.

- We proven folks are formulating a counter to let them feel the fear and pain of oppression. The tyrants will soon feel what we the people feel.

- For those concerned, I am good, I am working with some real patriots. Fuck the feds, and their probation. I am now a sought after man, who is going to stand up and NEVER allow them to kidnap me again.

Each of these Facebook posts was made after MASSEY had refused to comply with supervised release, that is, they were posted on or about May 1, 2019.

6. On or about Tuesday, July 23, 2019, I learned that MASSEY may be at SMITH's residence located at 8007 Lakeview Drive, Lone Oak, Texas in Hunt County (in the Northern District of Texas). During the course of law enforcement surveillance on SMITH's residence, MASSEY was observed coming in and out of the residence with what appeared to be a firearm on his hip. At approximately 8:30 PM, law enforcement approached the residence and, via a loudspeaker, directed the occupants of the residence to exit. Thereafter, SMITH and his wife V.H. exited the residence. After they exited the residence, I repeatedly asked SMITH where Kasey MASSEY was, and SMITH stood quiet. After repeatedly being asked about SMITH's whereabouts, SMITH said, "I can tell you 100% he is not in the house." SMITH further said, "I don't know where he is." Thereafter, SMITH and his wife were interviewed about MASSEY's presence at and in their home. The Smiths told agents that MASSEY had been staying in their home since Friday, July 19, 2019. SMITH told me that MASSEY had called him on Friday, July 19, 2019, and

4

then showed up at SMITH's business (a tattoo parlor). After MASSEY arrived on Friday, he (MASSEY) told SMITH that he was hungry and needed a place to stay. SMITH and his wife then took MASSEY, a person they both knew to have a warrant out for his arrest, to dinner at a local steakhouse. That evening, MASSEY told SMITH he did not have any money and asked SMITH if he would purchase cigarettes for MASSEY, and SMITH did. Thereafter, SMITH and his wife brought MASSEY back to their home and allowed MASSEY to stay in their home. While MASSEY was staying at their home, SMITH and his wife fed MASSEY and gave him a place to sleep. SMITH told me that he knew MASSEY had a warrant out for his arrest and that he knew MASSEY had not been reporting to his probation officer. SMITH further told me that he had observed some of MASSEY's online postings since he had left town. The Smiths told agents that MASSEY had a "pistol" on his hip while at their residence. During the course of this continued conversation with SMITH, he told me that he had last seen MASSEY outside by a truck. Law enforcement searched the surrounding area late into the night and into the next morning, but was unable to locate and apprehend MASSEY.

7. While law enforcement was at the home, the Smiths identified a backpack that MASSEY had brought into their home. The Smiths said they did not know what was in the bag and told law enforcement they could take the bag because it did not belong to them. The bag was seized by law enforcement for safekeeping. Prior to seizure, the bag was quickly opened to ensure its contents were safe, and I observed an AK47-style pistol inside it.

8. On Wednesday, July 24, 2019, Mrs. Smith contacted law enforcement and said that MASSEY had returned to her residence. She invited law enforcement to return to her home to apprehend MASSEY. However, by the time law enforcement arrived at the home, MASSEY had already departed. While at the Smith residence, I spoke with SMITH. I questioned him about an individual who had been found in the area the previous night, identified as Richard Christopher Lynn Snead ("SNEAD"). SMITH told me that he did not personally know SNEAD and that SNEAD is MASSEY's friend. SMITH explained that SNEAD had come to the home to get some of MASSEY's equipment for a construction project MASSEY and SNEAD had planned. Through this, I learned that SMITH and his wife had been allowing MASSEY to store his personal property on their land even though he was a wanted fugitive.

9. On July 25, 2019, a FBI agent and I interviewed MASSEY's son, Kory Massey. During the course of the interview, I also learned that a Conex-style storage container on the Smith property belonged to MASSEY. I had observed the container on July 23, 2019 and had been able to see into the container; when I did, I noticed an open vault that appeared to contain what looked to be the butts of either firearms, or knives. At the time I observed the items, I believed the container and its contents belonged to SMITH, so I didn't ask any questions about the contents. Nonetheless, based upon the information obtained from Kory Massey, it appears as though the Smiths were also allowing MASSEY to store the container and its contents on their property knowing of and despite his wanted status.

10. Based upon the aforementioned information, I have probable cause to believe that between on or about July 19, 2019, and July 24, 2019, **James Russell "J.R." SMITH** and others known and unknown knowingly conspired to conceal a person from arrest, in violation of 18 U.S.C. §§ 371 and 1071. That is, SMITH and at least one other person made an agreement to commit the crime of concealing a person from arrest, SMITH knew the unlawful purpose of the agreement and willfully joined in, and one of the conspirators knowingly committed at least one overt act. Therefore, I respectfully request a warrant be issued for the arrest of **James Russell "J.R." SMITH.**

KEITH SIEKS
Deputy United States Marshal
United States Marshals Service

Subscribed and sworn to before me on the 26th day of July, 2019

IRMA C. RAMIREZ
United States Magistrate Judge
Northern District of Texas
Dallas Division

7